## Hall v. Commonwealth.

(Decided December 19, 1930.)

JOHN CAUDILL and JOE HALL for appellant.

J. W. CAMMACK, Attorney General, and HOWARD BLACK for appellee.

OPINION OF THE COURT BY JUDGE GRIGSBY—Reversing.

On the 13th day of November, 1923, the grand jury of Knott county returned an indictment against the appellant, Jethro Hall, his son, Dewey Hall, and his two brothers, H. C. and H. B. Hall, charging them jointly with the murder of Hawk Stumbo. On a former trial H. C. Hall was acquitted and appellant Jethro Hall, H. B. Hall, and Dewey Hall convicted of manslaughter. On an appeal to this court the judgment was reversed. 207 Ky. 794, 270 S. W. 35. At the October term, 1929, of the Knott circuit court, appellant, Jethro Hall, was tried before a jury and again convicted of manslaughter and his punishment fixed at two years' confinement in the state penitentiary. His motion and grounds for a new trial having been overruled, he prosecutes this appeal, asking for a reversal of the judgment. The facts in the case are fully stated in our opinion in the case of Hall v. Commonwealth, 207 Ky. 794, 270 S. W. 35, and a restatement of them is unnecessary. The principal error complained of is that the court erred in framing the self-defense instruction No. 3 by incorporating therein these words: "And that the only reasonable means or to the said Jethro Hall the only apparent reasonable means of escaping or warding off such danger or to him such apparent danger was to so shoot," etc. This court has recently condemned this identical language and held that the incorporating of such language in a self-defense instruction was a prejudicial error authorizing a reversal. A full discussion of this instruction is contained in an opinion of this court this day delivered in the case of Will Oliver v. Commonwealth, 236 Ky. 672, 32 S. W. (2d) —, and also in the very recent case of Sloan v. Commonwealth, 236 Ky. 299, 32 S. W. (2d) —. For other authorities see Caudill v. Commonwealth, 234 Ky. 142, 27 S. W. (2d) 705.

Complaint is also made of the language used by the commonwealth's attorney in his closing argument to the jury, but in view of the fact that this error is not likely

to occur again in another trial of this case, it is not necessary to decide as to whether or not those remarks were prejudicial.

Wherefore the judgment is reversed, and the cause remanded for a new trial not inconsistent with this opinion.